J-S08010-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ADAM BURRIS | |
| Appellant | No. 1115 MDA 2020 |

Appeal from the Judgment of Sentence Entered March 5, 2020
In the Court of Common Pleas of Centre County
Criminal Division at No: CP-14-CR-0000979-2019

BEFORE:  STABILE, J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:　　　　　**FILED SEPTEMBER 10, 2021**

Appellant, Adam Burris, appeals from the March 5, 2020 judgment of sentence imposing two years of probation for his conviction as a habitual offender under 75 Pa.C.S.A. § 6503.1.[1]

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  Section 6503.1 provides:

> A habitual offender under section 1542 (relating to revocation of habitual offender's license) who drives a motor vehicle on any highway or trafficway of this Commonwealth while the habitual offender's operating privilege is suspended, revoked or canceled commits a misdemeanor of the second degree.

75 Pa.C.S.A. § 6503.1.  Section 1542, in turn, defines a habitual offender as one who commits three or more enumerated offenses within a five-year period.  75 Pa.C.S.A. § 1542.

At the conclusion of a January 6, 2020 trial, the jury deadlocked on one count of Driving Under the Influence ("DUI"), 75 Pa.C.S.A. § 3802(a)(1) and found Appellant guilty under § 6503.1. The Commonwealth subsequently *nolle prossed* the DUI charge. The trial court found Appellant guilty of three summary offenses: driving on a suspended license, driving without a license, driving with an expired inspection sticker.[2] The license violations merged into the §6503.1 offense for sentencing purposes, and the trial court imposed a $25.00 fine for the expired inspection sticker.

The trial court denied Appellant's timely post-sentence motions by order of July 24,2020. This timely appeal followed. Appellant raises a single issue:

> Did the trial court err in permitting the remarks by the Commonwealth in its opening statement discussing statistics relating to impaired drunk driving injuries and deaths, as these remarks inflamed the passions of the jury against [Appellant] and were not fair deductions from the evidence sought to be presented at trial?

Appellant's Brief at 8.

Because the trial court has "broad powers concerning the conduct of trial…," we review this issue for abuse of discretion. **Commonwealth v. Parker**, 919 A.2d 943, 949 (Pa. 2007). An abuse of discretion "requires a

_____

[2] 75 Pa.C.S.A. §§ 1543, 1501, and 4703(a), respectively. We observe that our Supreme Court struck down as unconstitutional § 1543(b)(1.1)(i), relating to sentencing for driving on a license that was suspended after a refusal of a blood draw. **Commonwealth v. Eid**, 249 A.3d 1030 (Pa. 2021). That subsection is not at issue in this case.

result of manifest unreasonableness, or partiality, prejudice, bias, ill-will, or such lack of support so as to be clearly erroneous." *Id.* at 150.

> The purpose of an opening statement is to apprise the jury how the case will develop, its background and what will be attempted to be proved; but it is not evidence. […] [A]s a practical matter the opening statement can oftentimes be the most critical stage of the trial, because here the jury forms its first and often lasting impression of the case. The prosecution, as well as the defense, is afforded reasonable latitude in presenting opening arguments to the jury. Such latitude is not without limits.
>
> A prosecutor's statements must be based on evidence that he plans to introduce at trial, and must not include mere assertions designed to inflame the jury's emotions. A prosecutor's opening statements may refer to facts that he reasonably believes will be established at trial.

*Id.* at 950 (citations and quotation marks omitted). "[P]rosecutorial misconduct does not occur unless the unavoidable effect of the comments at issue was to prejudice the jurors by forming in their minds a fixed bias and hostility toward the defendant, thus impeding their ability to weigh the evidence objectively and render a true verdict." ***Commonwealth v. Robinson***, 877 A.2d 433, 441 (Pa. 2005).

In this case, the prosecutor commenced his opening statement as follows:

> Your Honor, Attorney Ramos, Mr. Burris, members of the jury, good morning. In the United States, thirty people are killed every single day because of drunk driving. When we actually do the math, that equates to roughly one person every –
>
> Mr. Ramos: Your Honor, may we approach, please.
>
> The Court: You may.
>
> (Whereupon, the following discussion was held at sidebar.)

- 3 -

Mr. Ramos: I would object to the form of this. It's highly prejudicial. He's trying to make an example out of him in front of the jury. How many people a year are killed by drunk driving is not relevant. It's scaring the jury into automatically convicting him. It's not appropriate for an opening.

Mr. Stover: I don't think it's an automatic conviction at all, Judge. It just highlights the dangers of drivers that are intoxicated and the danger they pose to the roadways.

Mr. Ramos: How is that relevant to whether or not Mr. Burris is capable of safely driving?

The Court: Overruled.

(Whereupon, the discussion held at sidebar concluded).

Mr. Stover: I might as well start over since I was only on the first sentence. So as I said, in the U.S. thirty people are killed every day because of drunk driving, which equates out to one person every 50 minutes.

In 2018, in our state alone, there were 52,636 DUI arrests. In 2017, 293 people lost their lives just in Pennsylvania because of inebriated or intoxicated drivers.

Everyone here in some way, shape or form has been affected by a drunk driver or by intoxicated driving, or you at least know someone that has been affected. Inebriated drivers definitely pose a very significant risk to everyone on our roadways. Because of that, the courts in Pennsylvania have long recognized every single one of us has vital interests in detecting and removing intoxicated drivers from our roadways.

N.T. Trial, 1/6/20, at 18-20.

At a minimum, the prosecutor's opening comments were improper insofar as they were not a summary of evidence he planned to introduce at trial. The prosecutor never introduced evidence to support the statistics he recited in his opening. Moreover, our legislature already has determined that driving while intoxicated is a serious offense that must be criminalized.

Arguing to a jury that they have a duty to ferret out offenders that drive while intoxicated is a policy argument irrelevant to whether the Appellant in this case was driving while intoxicated. Appellant could only be convicted if he in fact was proven beyond a reasonable doubt to have been guilty of DUI, regardless of any statistics regarding the dangers presented by DUI drivers. Even so, we find no reversible error, as any error on the part of the trial court was harmless in this case. "Prosecutorial misconduct is evaluated under a harmless error standard." *Commonwealth v. Judy*, 978 A.2d 1015, 1020 (Pa. Super. 2009) (quoting *Commonwealth v. Holley*, 945 A.2d 241, 250 (Pa. Super. 2008)). "The doctrine of harmless error is a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt." *Commonwealth v. Allshouse*, 36 A.3d 163, 182 (Pa 2012). "Its purpose is premised on the well-settled proposition that [a] defendant is entitled to a fair trial but not a perfect one." *Id.*

As noted above, the jury deadlocked on the DUI charge, thus tending to demonstrate they were not influenced by the prosecutor's opening remarks. The Commonwealth subsequently *nolle prossed* the DUI charge. The jury convicted Appellant only of a habitual offender violation under § 6503.1. The Commonwealth's evidence in support of that conviction could hardly be controverted. To meet its burden of proving Appellant guilty as a habitual offender, the Commonwealth introduced a copy of Appellant's driving record

(Commonwealth's Exhibit 1) through the testimony of patrol officer Macy Neidiegh. N.T. Trial, 1/6/20, at 49. The exhibit, a document to which Appellant did not object on any basis, evidenced Appellant's commission of three offenses enumerated in § 1542 during a five-year period from January 29, 2011 through June 28, 2015. *Id.* at 51-53. His five-year habitual offender license revocation was imposed effective January 15, 2017. *Id.* at 53. Neidiegh pulled Appellant over on May 23, 2019, while that five-year suspension was in effect. *Id.* at 43-44. These facts alone were sufficient to establish Appellant's violation of § 6503.1.

The DUI charge, and the prosecutor's opening argument related thereto, had no bearing on the evidence establishing Appellant's guilt of the habitual offender charge. And given that the jury did not convict Appellant of DUI, we conclude that any trial court error in overruling defense counsel's objection to the prosecutor's opening statement was harmless beyond a reasonable doubt.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/10/2021